principles involved (see *La Gattuta* v. *Central Hudson Gas & Elec. Corp.*, 40 A D 2d 686; *Iwanicki* v. *Muszynski*, 33 A D 2d 654; I NY PJI 176–177; 1971 Supp., pp. 71–72). Although plaintiffs did not pursue the matter further and did not except to the court's addition to the charge, we find that they had made every reasonable effort to have the court correct its charge and were entitled to conclude that any further effort by them would be futile. At any rate, in the interest of justice plaintiffs are entitled to have their case considered in the light of a correct charge. We have considered the other claims of error and find them to be without merit. Because of the confusion created by this charge, the order and the judgments should be reversed and a new trial granted. (Appeal from judgment and order of Chautauqua Trial Term dismissing complaint in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Simons and Henry, JJ.

■  MARGARIDA FREITAS, Appellant, v. ALFRED C. GANGI et al., Respondents. (Appeal No. 2.) — Judgment and order unanimously reversed on the law and facts and new trial granted, with costs to abide the event. Same memorandum as in *Freyer* v. *Gangi* (42 A D 2d 832) decided herewith. (Appeal from judgment and order of Chautauqua Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Simons and Henry, JJ.

■  RACHAEL BARONE (UBANEY), Appellant, v. ALFRED C. GANGI et al., Respondents. (Appeal No. 3.) — Judgment and order unanimously reversed on the law and facts and new trial granted, with costs to abide the event. Same memorandum as in *Freyer* v. *Gangi* (42 A D 2d 832) decided herewith. (Appeal from judgment and order of Chautauqua Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Simons and Henry, JJ.

■  In the Matter of ROBERT YOUNG et al., Respondents, v. T. R. BEALES et al., Constituting the Zoning Board of Appeals of the Village of Newark, et al., Appellants.— Judgment unanimously reversed, with costs, and determination of the Zoning Board of Appeals confirmed. Memorandum: Appellant Franchise Realty Interstate Corporation (Franchise) is a contract vendee under a contract to purchase a parcel of commercially zoned land in the Village of Newark, New York. The parcel is a portion of a larger parcel owned by Perfection Foods, Inc. Franchise proposes to build a restaurant on the subject parcel and although the proposed use is a permitted one, the parcel and plans do not comply with certain area requirements of the local zoning ordinance. It appears from the record that Perfection Foods, Inc., had more land but that because of its own business needs such land was not available to Franchise. Upon Franchise's application and following an evidentiary hearing and appropriate findings the respondent-appellant Zoning Board of Appeals of the Village of Newark (Board) granted Franchise's application for variances. The first variance permits a total lot area of 32,000 square feet while the ordinance requires 50,000 square feet; a second variance permits a lot depth of 160 feet while the ordinance requires 250 feet; and a third variance permits a setback of 16 feet while the ordinance requires a setback of 80 feet. Petitioners-respondents, including a competing restaurant located across the street from the subject parcel, commenced an article 78 proceeding and Special Term reversed the Board's determination, set aside the area variance, and held that "an owner cannot subdivide his property and create a substandard lot and then be relieved from the strict compliance of the ordinance because of practical difficulties (citing *Matter of Chasanoff* v. *Silberstein*, 6 N Y 2d 807; *Matter of Kenny Development Corp.* v. *Kramer*, 22 Misc 2d 122)." "' The